**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBBIEAH CHAIBAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5625** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "H"(4)** |

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Summary Judgment (R. Doc. 15). For the following reasons, this Motion is GRANTED, and this case is DISMISSED WITH PREJUDICE.

**BACKGROUND**

Plaintiff Robbieah Chaiban holds a flood insurance policy issued by Defendant Federal Emergency Management Agency ("FEMA") on his Slidell, Louisiana property. On August 29, 2012, floods from Hurricane Issac damaged Plaintiff's property. On February 26, 2013, Plaintiff signed and submitted two

Proofs of Loss ("POLs"), which Defendant paid in their entirety. Plaintiff alleges that he then notified Defendant regarding additional amounts he believed he was owed under the policy, but no additional payments were made. It is undisputed that Plaintiff failed to submit an additional POL to support his claim for supplemental damages.

Defendant moves for summary judgment on the grounds that Plaintiff's failure to submit a POL on the additional amounts he believes he is owed is fatal to his claim.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the

---

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Congress promulgated the National Flood Insurance Program ("NFIP") to provide insurance coverage at or below actuarial rates.[9] A policy issued under the NFIP is called a Standard Flood Insurance Policy ("SFIP").[10] As

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008).

[10] *Id.*

administrator of the NFIP, FEMA sets the terms and conditions of all SFIPs.[11] It is well-settled law that the conditions set forth in the NFIP must be strictly construed.[12] A plaintiff cannot file a lawsuit seeking federal benefits under the SFIP unless he has first complied with all of the policy requirements.[13] This includes a requirement that he submit a POL within 60 days of the loss, subject to any extensions that FEMA has approved.[14] "This is a strict requirement."[15]

In this case, it is undisputed that while Plaintiff submitted a POL for the initial payments he received, he did not submit a POL for the additional damages he subsequently requested from Defendant. In *Richardson v. American Bankers Insurance Company of Florida*, the Fifth Circuit held that "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[16] In that case, the defendant–insurer paid an initial sum to the plaintiff to compensate for the damage to his property

[11] *Id.*

[12] *E.g.*, *id.* at 1056; *Clark v. FEMA*, No. CIV.A. 13-5232, 2014 WL 527655, at *3 (E.D. La. Feb. 7, 2014); *Barnes v. Allstate Ins. Co.*, No. CIV.A. 13-5490, 2014 WL 1457696, at *2 (E.D. La. Apr. 14, 2014).

[13] 44 C.F.R. § 61, app. (a)(1), art. VII.R ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy"); *Richardson v. Am. Bankers Ins. Co. of Florida*, 279 F. App'x 295, 298 (5th Cir. 2008); *Clark*, 2014 WL 527655, at *3.

[14] 44 C.F.R. § 61, app. (a)(1), art. VII.J; *Wright v. Allstate Ins. Co.*, 415 F.3d 383, 385 (5th Cir. 2005).

[15] *Richardson*, 279 F. App'x at 298 (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).

[16] *Id.* at 299.

caused by Hurricane Katrina.[17] Subsequently, the plaintiff requested an additional sum but failed to submit a sworn POL for that amount.[18] The court affirmed the district court's grant of the defendant's motion for summary judgment on the grounds that the plaintiff's failure to submit a supplemental POL precluded her claim.[19] The Fifth Circuit later favorably relied on *Richardson* in *Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Company*, in which it dismissed the plaintiff's claim for its failure to submit a POL for the additional damages it requested.[20] In *Kidd v. State Farm Fire & Casualty Company*, the Fifth Circuit similarly held that the plaintiff could not recover additional payments when it failed to submit a sworn POL for damages in excess of the initial payment.

Plaintiff correctly argues that these cases are distinguishable because, unlike here, the plaintiffs in the aforementioned cases never submitted a POL at all. Here, Plaintiff submitted an initial POL but failed to submit a POL for the additional damages he requested. The Fifth Circuit has not directly addressed this issue, however, several other courts in this district have dealt with similar cases, and this Court finds their analyses persuasive.[21] Most notably, in *Barnes*

---

[17] *Id.* at 296.

[18] *Id.*

[19] Id.

[20] *Marseilles Homeowners Condo. Ass'n Inc.*, 542 F.3d at 1056.

[21] *See, e.g.*, *Clark*, 2014 WL 527655, at *4; *Fowl, Inc. v. Fid. Nat. Prop. & Cas. Ins. Co.,* No. 12-283, 2013 WL 392599, at *1 (E.D. La. Jan. 31, 2013); *Bechtel v. Lighthouse Prop. Ins. Co.*, No. 13-5289, 2014 WL 1389631, at *3 (E.D. La. Apr. 1, 2014) and cases cited therein.

*v. Allstate Insurance Co.*, a division of this district court stated that "in *Richardson* and *Marseilles*[,] it was not the categorical failure to submit any proof of loss that precluded suing, but the failure to submit a proof of *loss for the amounts claimed in the lawsuit*."[22] Accordingly, the *Barnes* court held that the plaintiff's failure to submit a third POL precluded her from bringing suit for additional amounts she believed she was owed, despite the fact that she had previously filed two POLs, which had been paid in full.[23] In addition, in *Howell-Douglas v. Fidelity National Indemnity Insurance Company*, a court in this district held that "[i]f an insured seeks further funds beyond what his insurer has already disbursed under a SFIP, a Proof of Loss is required for the supplemental claim, just as it was for the original claim."[24] In each of the above cases, the plaintiff had submitted an initial POL but failed to submit a POL to support his claim for additional damages. A majority of sections of the Eastern District of Louisiana have held that an additional POL is required in order for a plaintiff to be successful in a suit for additional damages.[25] These decisions

---

[22] *Barnes*, 2014 WL 1457696, at *2.

[23] *Id.*

[24] *Howell-Douglas v. Fid. Nat. Indem. Ins. Co.*, No. 13-5578, 2014 WL 2506469, at *2 (E.D. La. June 3, 2014).

[25] *Barnes*, 2014 WL 1457696, at *3; *see, e.g.*, *Clark*, 2014 WL 527655, at *4 ("The record plainly reveals that plaintiff failed to timely submit a complete, sworn proof of loss in support of his claim for supplemental damages. Accordingly, plaintiff's claims are barred as a matter of law."); *Fowl, Inc.*, 2013 WL 392599, at *1 ("The United States Court of Appeals for the Fifth Circuit has held that failure to timely submit a signed and sworn proof of loss acts as a complete bar to recovery. This rule applies not only to initial claims made by policyholders, but also to additional and/or supplemental claims filed with the policy provider.); *Bechtel*, 2014 WL 1389631, at *3 ("The issue is whether they were required to submit a second sworn proof of loss in connection with the supplemental repair estimate submitted on December 6, 2012, in order

largely rely on the fact that strict adherence is required to all terms of the SFIP.[26] Accordingly, this Court likewise holds that Plaintiff is precluded from suing for additional payments under his flood insurance policy when he did not comply with the strict POL requirement.

In support of his claim, Plaintiff argues that Defendant "waived" the POL deadline for Plaintiff's initial claim and that the waiver likewise applies to the POL required for Plaintiff's later claim for additional damages. Plaintiff provides no proof of a supposed waiver, save the fact that Defendant accepted his initial POL well after the sixty-day period required by the SFIP. With respect to losses arising from Hurricane Isaac, however, FEMA extended the deadline for filing a POL to 240 days.[27] Thus, Hurriance Isaac claimants had until April 22, 2013 to submit a POL to FEMA.[28] Accordingly, this extension was not a waiver of the POL requirement as Plaintiff suggests but rather a courtesy

to seek those amounts in this lawsuit. The great weight of authority holds that they were so required.").

[26] *See, e.g.*, *Bechtel*, 2014 WL 1389631, at *3 ("Although the Court has found no Fifth Circuit opinion directly addressing the SFIP proof of loss requirement in the same fact pattern presented here (i.e., where a sworn proof of claim has been timely submitted for undisputed amounts but not for disputed supplemental amounts sought), the Fifth Circuit has been unwavering in mandating strict adherence to all SFIP requirements, including the proof of loss requirement, as a precondition to filing suit."); *Richardson v. Am. Bankers Ins. Co. of Florida*, 279 F. App'x 295, 299 (5th Cir. 2008) ("[Plaintiff's] theory of substantial compliance is contrary to binding precedent in this circuit); *Howell-Douglas*, 2014 WL 2506469, at *2; *Barnes*, 2014 WL 1457696, at *2.

[27] Memorandum from David L. Miller, Associate Administrator of the Federal Insurance and Mitigation Administration, for Write Your Own Company Principal Coordinators, w-13014 (March 19, 2013), http://nfipiservice.com/Stakeholder/pdf/bulletin/w-13014.pdf; *see also Rudolph v. Fed. Emergency Mgmt. Agency*, No. 13–6255, 2014 WL 295154, at *3 (E.D. La. Jan. 27, 2014).

[28] *Id.*

extended to insureds affected by Hurricane Issac. Indeed, the memo in which FEMA extended the deadline for filing POLs related to Hurricane Issac damage expressly stated that "FEMA does not hereby waive any other provision of the SFIP, and all other terms and conditions of the SFIP remain in effect."[29] At no point did this extension purport to dispose of the requirement that an insured submit a POL prior to filing suit.

Lastly, Plaintiff argues that Defendant's Motion is premature because discovery has not yet taken place in this case. Under Federal Rule of Civil Procedure 56(d), this request can only be granted if the nonmoving party can show how additional discovery could defeat the summary judgment motion.[30] Plaintiff has failed to do this. It is undisputed that Plaintiff did not file a POL to support his claim for additional damages. As discussed above, this is a strict requirement under the SFIP in order for the insured to bring suit. Accordingly, as a matter of law, Plaintiff cannot succeed in his claim.[31]

Additionally, both Plaintiff, Defendant, and this Court agree that Plaintiff's extra-contractual claims should also be dismissed, as state law claims are preempted by the NFIP.[32]

---

[29] *Id.*

[30] *Weaver v. Harris*, 486 F. App'x 503, 505 (5th Cir. 2012) ("To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact.").

[31] *See Clark*, 2014 WL 527655, at *4 (holding same).

[32] 44 C.F.R. § 61, app. A(1), art. IX ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law."); *see Howell-Douglas*, 2014 WL 2506469, at *3.

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED, and the case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 4th day of December, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**